UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN McCORMICK,                                      **DECISION AND ORDER**
                                                     **No. 06-CV-6173(VEB)**
                              Petitioner,

          -vs-

SUPT. CARL HUNT,

                              Respondent.

_____

## INTRODUCTION

Petitioner John McCormick ("McCormick") filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction following a guilty plea in Orleans County Court on one count of driving while intoxicated and one count of third degree aggravated unlicensed operation of a vehicle (N.Y York Vehicle & Traffic Law §§ 1192(3), 511(3)(a)). McCormick was sentenced to concurrent terms of imprisonment, the longest of which was one to three years. McCormick presently is incarcerated pursuant to this judgment of conviction. The parties have consented to disposition of this matter by the undersigned pursuant to 28 U.S.C. § 636(c).

## DISCUSSION

The basis for the conviction here at issue stems from McCormick's arrest on March 2, 2003, at about 3:00 p.m. for driving a stolen car while intoxicated and without a license. Prior to stopping McCormick, the police had received a telephone call informing them that the victim's car had been taken by defendant. The police then met the victim at her apartment, where she confirmed that McCormick had taken her vehicle without her permission. The police also

-1-

learned that the victim did not have license plates on her vehicle. At the time, McCormick did

not have a valid driver's license because it had been revoked in connection with a prior

conviction for driving while intoxicated. Following the denial of his suppression motion,

McCormick pleaded guilty on September 29, 2003, in Orleans County Court (Punch, J.).

McCormick's conviction was affirmed on direct appeal.

In his petition for a writ of habeas corpus, McCormick raises the following grounds for

relief: (1) the trial court erred in failing to suppress the evidence from the stop of petitioner's

vehicle; (2) the Appellate Division allegedly misstated testimony that the victim informed the

police that she was at her apartment at the time she informed them that petitioner had taken her

car without her consent; (3) the trial court improperly allowed hearsay evidence to be admitted at

the suppression hearing; (4) the prosecution failed to meet its burden of proof at the suppression

hearing; (5) the trial court erred in relying on hearsay that was presented at the suppression

hearing in denying petitioner's motion to suppress; (6) petitioner's plea was not knowing and

voluntary; and (7) petitioner was denied his Sixth Amendment right to the effective assistance of

trial counsel. *See* Petition at 5 - 5-d (Docket No. 1).

**Fourth Amendment Claims**

Respondent correctly argues that claims one, three and four, which all relate to the

propriety of the trial court's ruling on his suppression motion, are not cognizable on federal

habeas review under the doctrine of *Stone v. Powell*, 428 U.S. 465 (1976), which generally

precludes the re-litigation of Fourth Amendment claims on federal habeas review. *See*

Respondent's Memorandum of Law (Docket No. 6).  Claim two (which respondent argues is

unexhausted), as well as claim five, also relate to the findings made at the suppression hearing,

and likewise are not cognizable here.

In *Stone v. Powell*, the Supreme Court held that "where the State has provided an *opportunity* for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. 465, 481-82 (1976) (emphasis added). Following *Stone v. Powell*, the Second Circuit developed a "litmus test to discern when a state prisoner has been denied an opportunity for full and fair litigation of his fourth amendment claims." *Capellan v. Riley*, 975 F.2d 67, 69-71 (2d Cir. 1992) (citing *Gates v. Henderson*, 568 F.2d 830 (2d Cir. 1977) (*en banc*), *cert. denied*, 434 U.S. 1038 (1978). The panel in *Gates* observed that "'all that the [Supreme] Court required was that the state [ ] provide[ ] the *opportunity* to the state prisoner for a full and fair litigation of the Fourth Amendment claim . . . .'" *Id.* (quoting *Gates*, 568 F.2d at 839) (emphasis in original). The Second Circuit concluded that review of Fourth Amendment claims presented by habeas petitioners would be undertaken in only one of two instances: (a) if the State provided no corrective procedures at all to redress the alleged Fourth Amendment violations; or (b) if the State has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an "unconscionable breakdown in the underlying process." *Id.* (quoting *Gates*, 568 F.2d 840 and citing *McPhail v. Warden, Attica Correctional Facility*, 707 F.2d 67, 70 (2d Cir. 1983)).

Notably, all that must be shown is that the State has provided an opportunity to litigate the petitioner's Fourth Amendment claim; it matters not whether the petitioner actually "took advantage of the State's procedure." *Graham v. Costello*, 299 F.3d 129, 134 (2d Cir. 2002).

Indeed, as the Second Circuit has noted, "the 'federal courts have approved New York's procedure for litigating Fourth Amendment claims, embodied in N.Y. Crim. Proc. Law § 710.10 *et seq.* (McKinney 1984 & Supp.1988), as being facially adequate.'" *Capellan*, 975 F.2d at 70 n.1 (quoting *Holmes v. Scully*, 706 F. Supp. 195, 201 (E.D.N.Y. 1989) and citing *Gates*, 568 F.2d at 837 & n. 4; *Shaw v. Scully*, 654 F. Supp. 859, 864 (S.D.N.Y. 1987)).

McCormick cannot, and does not contend that New York failed to provide a corrective procedure to redress his alleged fourth amendment claim. Rather, McCormick merely is complaining that the state courts erroneously decided his motion to suppress. Dissatisfaction or disagreement with the outcome of a motion is not sufficient to establish that "an unconscionable breakdown" occurred in the existing process in violation of McCormick's constitutional rights. *See Capellan*, 975 F.2d at 71 ("Even if [petitioner] were correct in his allegation that the Appellate Division erroneously decided this issue, a petitioner cannot gain federal review of a fourth amendment claim simply because the federal court may have reached a different result.") (citing *Gates*, 568 F.2d at 839). The Second Circuit explained that reading *Stone v. Powell* as requiring the reviewing court "to focus on the correctness of the outcome resulting from the application of adequate state court corrective procedures, rather than on the existence and application of the corrective procedures themselves, . . . would be assuming, implicitly at least, that state courts were not responsible forums in which to bring constitutional claims such as is presented herein." *Capellan*, 975 F.2d at 71. According to the Second Circuit, *Stone v. Powell* "expressly discourage[d] [it] from making any such assumption." *Id.* (citing 428 U.S. at 493-94 n. 35) ("[W]e are unwilling to assume that there now exists a general lack of appropriate sensitivity to constitutional rights in the trial and appellate courts of the several States.").

-4-

Thus, to the extent that McCormick claims that the state courts erred in their rulings, it does not give this Court the authority to review his claims "since a mere disagreement with the outcome of a state court ruling is not the equivalent of an unconscionable breakdown in the state's corrective process." *Id.* Accordingly, McCormick's Fourth Amendment claims are not cognizable in this federal habeas proceeding.

**Exhaustion**

Before a federal court may consider an application for habeas corpus relief pursuant to 28 U.S.C. § 2254, the petitioner must have exhausted all the remedies available in the state courts. *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed.2d 438 (1971); *Grey v. Hoke*, 933 F.2d 117, 119-21 (2d Cir. 1991). This exhaustion requirement is codified under 28 U.S.C. § 2254(b)(1)(A) and extends to every federal claim asserted by a petitioner. *Caballero v. Keane*, 42 F.3d 738, 740 (2d Cir. 1994). The exhaustion requirement prohibits the granting of an application for a writ of habeas corpus unless the petitioner has exhausted the remedies available in the courts of the state in which he or she was convicted, *see* 28 U.S.C § 2254(b)(1)(A), although the federal courts now have the discretion to deny a petitioner's unexhausted claims, *see* 28 U.S.C. § 2254(b). In particular, the exhaustion doctrine "requires . . . that state prisoners give state courts a fair opportunity to act on their claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (citing 28 U.S.C. § 2254(c)) (additional citations omitted). Thus, a petitioner is deemed not to have exhausted the available state remedies if he or she has the right under state law to raise, by any procedure, the federal question presented in his or her habeas petition. 28 U.S.C. § 2254(c). The Supreme Court has interpreted this as requiring petitioners to invoke "one complete round of the State's established appellate review process,"

including an application to "a state court of last resort when that court has discretionary control over its docket." *O'Sullivan*, 526 U.S. at 843, 845.

Respondent contends that claims two and six are unexhausted because McCormick has not yet raised them in any state court forum. *See* Respondent's Memorandum of Law (Docket No. 6). With respect to claim two, the Court has concluded that even if it were exhausted, it would not be cognizable on habeas review in any event. Therefore, the Court will confine its discussion of exhaustion to claim six, which deals with the voluntariness of McCormick's guilty plea.

In New York, claims about the voluntariness of a guilty plea must be presented to the state court in one of three ways: a motion to withdraw the plea before sentencing, a post-judgment New York Criminal Procedure Law ("C.P.L.") § 440.10 motion in the trial court, or on direct appeal if the record permits. *See*, *e.g.*, N.Y. Crim. Proc. Law § 220.60(3); *People v. Lopez*, 71 N.Y .2d 662, 665-66, 529 N.Y.S.2d 465, 466 (N.Y.1988) ("We have held that in order to preserve a challenge to the factual sufficiency of a plea allocution there must have been a motion to withdraw the plea under CPL 220.60(3) or a motion to vacate the judgment of conviction under CPL 440.10. . . . The failure to make the appropriate motion denies the trial court the opportunity to address the perceived error and to take corrective measures, if needed.. . . [However, in appropriate cases,] the defendant may challenge the sufficiency of the allocution on direct appeal . . . ."). Respondent concedes that McCormick did file a motion to vacate his plea, but argues that the motion did not suffice to exhaust his present claim regarding voluntariness because the claim raised in the motion and the claim raised here rest on a different factual basis. *See* Respondent's Memorandum of Law at 8 n.3 (Docket No. 6). In particular,

McCormick argued to the Appellate Division that he should have been permitted to withdraw his plea because he was unaware of the trial court's ruling denying his suppression motion when he pleaded guilty. *Id.* (citing Exhibit H at 9-10; Exhibit K). Here, McCormick contends that his plea was involuntary because he "made it known to the Court that he did not understand all the elements, surrounding the offense." Petition at 5-b (Docket No. 1). McCormick's motion to vacate his plea did not mention his specific claim, asserted here, that he did not understand the elements of the offense, and therefore it has not been exhausted. *See, e.g., Brea v. New York City Probation Dept.*, No. 03 Civ.4822(RJH)(GWG), 2004 WL 389011, *9 (S.D.N.Y. Mar. 3, 2004) ("Other than Brea's claim that he "was very tired," none of the other bases for his claim that his plea was involuntary were addressed or even hinted at in Brea's brief to the Appellate Division. The brief makes no mention of coercion on the part of Freifeld, of Brea's failure to comprehend that a felony guilty plea was a deportable offense, or of threats by the trial judge that he would incarcerate Brea. . . . Thus, Brea has not exhausted any of these other claims.").

"'For exhaustion purposes, "a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred."'" *Reyes v. Keane*, 118 F.3d 136, 139 (2d Cir. 1997) (quoting *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991) (quoting *Harris v. Reed*, 489 U.S. 255, 263 n. 9, 109 S.Ct. 1038, 1043 n. 9 (1989))). "In such a case, a petitioner no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. § 2254(b)." *Grey v. Hoke*, 933 F.2d at 120; *Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994) ("[I]f the petitioner no longer has 'remedies available' in the state courts under 28 U.S.C. § 2254(b), we deem the claims exhausted."), *cert. denied*, 514 U.S. 1054, 115 S.Ct. 1436, 131 L.Ed.2d 316 (1995). Consequently, such procedurally barred

claims are "deemed exhausted" by the federal courts. *Reyes v. Keane*, 118 F.3d at 139.

Although New York provides a mechanism for collaterally attacking a judgment that is in violation of constitutional rights, *see* C.P.L. § 440.10(1)(h), any attempt by the petitioner to bring a motion pursuant to that section would be futile. This is because Section 440.10(2)(c) of New York's Criminal Procedure Law mandates that the state court deny any § 440.10 motion where the defendant unjustifiably failed to argue such constitutional violation on direct appeal despite a sufficient record. *Reyes v. Keane*, 118 F.3d at 139-40 (citing *Levine v. Commissioner of Correctional Servs.*, 44 F.3d 121, 126 (2d Cir. 1995) (refusing to conduct federal habeas review where New York's appellate court found claim to be procedurally barred under C.P.L. § 440.10(2)(c)).

Here, it is clear, based on the way that McCormick has couched his claim, that the factual bases for the claim were apparent on the record; McCormick asserts that the trial judge was alerted to the fact that McCormick allegedly did not understand the nature of the offenses to which he was pleading guilty, but nevertheless accepted the plea. McCormick therefore could have raised his current claim regarding the involuntariness of his guilty plea on direct appeal to the Fourth Department, but did not do so. Thus, the claim would not be appropriate for a C.P.L. § 440.10 motion now. *See* N.Y. Crim. Proc. Law § 440.10(2)(c) (mandating that a court deny a C.P.L. § 440.10 motion where no "appellate review or determination occurred owing to the defendant's unjustifiable failure" to raise a ground for which sufficient facts to permit appellate review were already in the record). McCormick's claim relating to the voluntariness of his guilty plea, although deemed exhausted, is procedurally defaulted. *See Velez v. People of State of N.Y.*, 941 F. Supp. 300, 311, 312 n. 11 (E.D.N.Y. 1996) ("Velez did not raise the issue [that he pleaded

guilty without an appreciation of the nature of the charge or the consequences of the plea] on direct appeal to the Appellate Division. Furthermore, he never sought to attack collaterally the plea in the state court under N.Y. Crim. Proc. Law § 440.10. . . . In all likelihood the New York courts would hold the claim procedurally barred because the attack on the guilty plea could have been raised on direct appeal and disposed of on the basis of the existing record. The Court finds it extremely unlikely that Petitioner could proffer a sufficient argument so as to avoid a summary dismissal of the claim. Therefore, it would be fruitless to dismiss the petition without prejudice and require petitioner to return to state court to exhaust the invalid plea claim."); *Foreman v. Garvin*, No. 99 Civ. 9078 GBD AJP, 2000 WL 631397, *10 (S.D.N.Y. May 16, 2000) ("Here, Foreman could have raised his involuntary guilty plea claim on direct appeal to the First Department, but did not do so, and thus the claim would not be appropriate for a CPL § 440.10 motion now. Foreman's involuntary guilty plea claim therefore should be deemed exhausted and procedurally barred.") (citations omitted).

To avoid such a procedural default, a habeas petitioner must demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice, *i.e.*, a showing of actual innocence. *See Coleman v. Thompson*, 501 U.S. 722, 729-30, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Here, neither cause nor prejudice is present on the record before this Court, and McCormick has not made the showing of "actual innocence" necessary to warrant the "fundamental miscarriage of justice" exception. Accordingly, habeas review is not available.

**Effect of Petitioner's Guilty Plea on Claims Raised in the Petition**

McCormick's last claim is that the legal representation provided by his trial counsel "fell

below the Federal standard of assistance, in that an Attorney is obligated to properly investigate and prepare a defense within the scope of his/her best ability." Petition at 5-d (Docket No. 1). Respondent argues that because this alleged deprivation of his constitutional rights occurred prior to the entry of his guilty plea, it is not cognizable on habeas review. Respondent's Memorandum of Law at 14 (Docket No. 6).

In order to prevail on a claim of ineffective assistance of counsel, a defendant must establish that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

As respondent notes, it is well-settled that "[a] defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea." *United States v. Coffin*, 76 F.3d 494, 497 (2d. Cir.), *cert. denied*, 517 U.S. 1147 (1996). Rather, "'[h]e may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutionally acceptable] standards.'" *Id.* (quoting *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973)). In other words, "the issue [is] not the merits of these [independent] claims as such, but rather whether the guilty plea had been made intelligently and voluntarily with the advice of competent counsel." *Tollett*, 411 U.S. at 265.

The Court has reviewed McCormick's petition (Docket No. 1) and his reply papers (Docket Nos. 11 and 12). It appears that McCormick directs his criticism solely at trial counsel's

-10-

alleged errors and omissions with regard to the investigation of his case; he does not contend that he received deficient advice as to pleading guilty.[1]  Accordingly, it would appear that this claim is barred pursuant to the doctrine set forth in *Tollett v. Henderson*. *E.g.*, *Smith v. Burge*, No. 03 Civ.8648 RWS, 2005 WL 78583, *9 (S.D.N.Y. Jan. 12 , 2005) ("No hearing is required to resolve the factual issue of whether Smith was advised by his trial counsel of any defense arising under *Gaines* prior to entry of his guilty plea, as, even assuming that Smith was never so informed, it has not been established that he was denied effective assistance of counsel with regard to this aspect of his claim. First, Smith has waived any pre-plea ineffective assistance claim for the reasons set forth above [in *Tollett v. Henderson* and its progeny]; consequently, to the extent his argument concerns the purported failure of trial counsel to raise the so-called *Gaines* defense prior to his plea, his claim is not cognizable.").

Finally, even if the Court were to consider the ineffective assistance claim on the merits, it would not find that counsel provided deficient representation. There is no basis in the record for finding that McCormick's plea was anything but knowing and voluntary, or that he did not receive the effective representation within the meaning of the Sixth Amendment. Moreover, the Court cannot find that there is a reasonable probability that McCormick would have proceeded to trial, had counsel not committed the errors alleged to have been committed. *See Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (holding that in order to satisfy the "prejudice" requirement, the petitioner must show at least "a reasonable probability that, but for

---

[1]      McCormick's allegation regarding counsel's representation is not terribly clear: "Just the mere fact petitioner's counsel failed to notify or inform petitioner in any form of (plea or sentence) hearings, with the failure to investigate thoroughly into the "double hearsay" issue, minus the filing of appropriate motions for subpoena of witnesses, is a '[p]erformance that amounts to a constructive denial of counsel altogether, and it is legally presumed to result in prejudice.'" Petitioner's Reply at 28 (citation omitted) (Docket No. 11).

counsel's errors, he would not have pleaded guilty and would have insisted on going to trial"). Indeed, as respondent notes, it does not appear that there was a viable defense available to him since the evidence at the suppression hearing was that the police arrested him while he was driving a stolen car, drunk, and without a license. Pleading guilty under such circumstances, especially where his suppression motion had been denied, was an eminently reasonable strategic decision.

## CONCLUSION

For the reasons stated above, John McCormick's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because petitioner has failed to make a substantial showing of a denial of a constitutional right, I decline to issue a certificate of appealability. *See* 28 U.S.C. § 2253.

**IT IS SO ORDERED**

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:      November 20, 2006
            Rochester, New York.